**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BioSpyder Technologies Incorporated, | No. CV-21-00034-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| HTG Molecular Diagnostics Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant HTG Molecular Diagnostics, Inc.'s unopposed Motion for Vacatur. (Doc. 252.) The parties have reached a confidential agreement to resolve this matter. (*Id.*; Doc. 250.) As part of the terms of that agreement, and pursuant to Federal Rules of Civil Procedure 54(b) and 60(b), the parties seek to vacate the Court's March 30, 2022 Order (Doc. 198) granting Plaintiff BioSpyder Technologies, Inc.'s Cross Motion for Summary Judgment of Patent Noninfringement (Doc. 101) and denying Defendant's Motion for Partial Summary Judgment of Infringement (Doc. 83).

A court has "equitable discretion when reviewing its own judgments." *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998). Rule 60(b) permits a court to grant relief from any final judgment or order if "the judgment has been satisfied, released, or discharged . . . or applying it prospectively is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)–(6). The court must consider whether to vacate its judgment "in light of 'the consequences and attendant

hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Am. Games, Inc.*, 142 F.3d at 1168 (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1370–71 (9th Cir. 1995)).

Although settlement does not require a court to vacate its judgment, when vacatur is "contemplated as part of settlement . . . the Court should, where appropriate, support the negotiations and terms of settlement." *Click Ent., Inc. v. JYP Ent. Co.*, Civ. No. 07–00342 ACK–KSC, 2009 WL 3030212, at *2 (D. Haw. Sept. 22, 2009) (citing *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)). The parties here have indicated that they entered into a settlement agreement, the terms of which include seeking vacatur of the Court's March 30, 2022 Order. Defendant HTG also states it "has a significant interest in vacatur, given that under the settlement it relinquished its right of appellate review of the Court's interlocutory Order (ECF No. 198) finding no literal infringement based on a highly contested claim construction." (Doc. 252 at 6.) The Court finds that the first factor concerning the consequences and hardships of dismissal or refusal to dismiss weighs in favor of vacatur given the parties' agreement and the policy of encouraging settlement where possible. *See Ahern*, 846 F.2d at 48 ("The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements.").

The second factor also weighs in favor of vacatur. Although highly contested and the subject of Defendant's Motion for Reconsideration, "the scope of the '564 Patent is highly unlikely to be relitigated." (Doc. 252 at 8.) The terms of the settlement preclude appellate review and seek to reach final resolution in this matter. (*Id.*) Thus, the competing values of finality of judgment and right to relitigation of unreviewed disputes favor vacatur.

Moreover, "[t]he standard for granting a motion to vacate under Rule 54(b) is less rigid than that under Rule 60(b) governing vacation of final judgments." *Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001). Under Rule 54(b), a partial summary judgment order that does not dispose of all of the claims or

parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b). The Court's March 30, 2022 Order was interlocutory because, although it granted summary judgment to Plaintiff BioSpyder on patent noninfringement, it did not dispose of all the counterclaims.

Accordingly, pursuant to Federal Rules of Civil Procedure 54(b) and 60(b), as well as the parties' settlement agreement,

**IT IS ORDERED** that Defendant's Motion for Vacatur is **GRANTED**. (Doc. 252.) The Court's Order is **VACATED**. (Doc. 198.) The Clerk of Court shall docket accordingly.

Dated this 21st day of November, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge